IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Grenoble Caldwell, ) | Civil Action No.: 4:19-1447-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Andrew Saul, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action is brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Grenoble Caldwell's ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits. The record includes the report and recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers III, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C. In his Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision. Plaintiff filed objections to the Report, the Commissioner filed a response to Plaintiff's objections, and the matter is ripe for review. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and overrules Plaintiff's objections.

**BACKGROUND**

Plaintiff filed an application for DIB and SSI on June 16, 2011, alleging disability beginning on October 21, 2008. The application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"),

which was held on May 7, 2012. On October 1, 2014, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff then filed an action in this Court, and on December 19, 2016, this Court remanded for further consideration. On December 5, 2017, another hearing was held. The ALJ issued an unfavorable decision on April 25, 2018, finding that Plaintiff was not disabled. The Appeals Council declined to assume jurisdiction on April 3, 2019, and Plaintiff filed this action seeking judicial review on May 17, 2019.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II.    Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall

be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency.  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I.     The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability.  The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).  This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment.  20 C.F.R. § 404.1520(b).  If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment.  20 C.F.R. § 404.1520(c)  If the claimed impairment is

3

> sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 21, 2008, the alleged onset date. Next, the ALJ determined that Plaintiff has the following severe impairments: peripheral neuropathy, bi-polar disorder, and post-traumatic stress disorder. The ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) except simple, routine, and repetitive tasks; performed in a work environment free of fast-paced production requirements; involving only simple, work related decisions; and with few, if any, work place

changes; capable of learning simple vocational tasks and completing them at an adequate pace with persistence in a vocational setting; the individual can perform simple tasks for two hour blocks of time with normal rest breaks during an eight-hour workday; with only occasional interaction with the public and co-workers. The ALJ found that Plaintiff is unable to perform any past relevant work but that, considering Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that Plaintiff can perform. Thus, the ALJ found that Plaintiff has not been under a disability since October 21, 2018, through the date of the decision.

## II.     The Court's Review

In this action, Plaintiff asserts that the ALJ erred by failing to properly weigh opinion evidence from Dr. Martin, including a January 2014 questionnaire, a January 2015 VA form, and a November 2017 statement. The Commissioner argues that the ALJ's findings, including his treatment of evidence from Dr. Martin, are supported by substantial evidence.

In his Report, the Magistrate Judge thoroughly reviewed the ALJ's decision and the applicable law and specifically evaluated the ALJ's treatment of Dr. Martin's questionnaire from January 2014, Dr. Martin's VA form from January 2015, and Dr. Martin's November 2017 statement.

First, with respect to the ALJ's treatment of Dr. Martin's questionnaire from January 2014, the Magistrate Judge outlined the content of this statement and noted that the ALJ stated that he was not given controlling weight to this questionnaire due to the lack of treatment records. As the Magistrate Judge noted, the ALJ explained, "Notably, while records dated March 1996 reference Dr. Martin seeing the claimant at the request of a

pastor, the record is void of any other treatment records prior to January 28, 2015." (ECF No. 23 at 9 (quoting Tr. 516-17).) The Magistrate Judge ultimately found that Dr. Martin's 2014 questionnaire is not entitled to controlling weight due to the lack of contemporaneous treatment notes and clinical findings by Dr. Martin near in time, and the Magistrate Judge thus found that substantial evidence supports the ALJ's consideration of the 2014 questionnaire.

In his objections, Plaintiff asserts that although there are no treatment records from Dr. Martin between the alleged onset date and Dr. Martin's 2014 opinion, "the absence of Dr. Martin's earlier records does not prove him incredible when it is consistent with the treatment records that are present, including those from the time of Dr. Martin's 2014 opinion from Dr. Jachna and Dr. Parchuri. (ECF No. 25 at 2.) Plaintiff objects that the Magistrate Judge "ignores these facts" and simply finds that substantial evidence supports the ALJ's treatment of Dr. Martin's 2014 questionnaire.

After review, the Court finds no merit to Plaintiff's objection. Instead, the Court agrees with the Magistrate Judge that the 2014 questionnaire was not entitled to controlling weight based on the lack of contemporaneous treatment notes and clinical findings by Dr. Martin. *See*, *e.g.*, 20 C.F.R. §§ 404.1527( c) and 416.927(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion."). As the ALJ properly explained, the record is void of any treatment notes or records from Dr. Martin from the period relevant to the June 2014 questionnaire.

Next, the Magistrate Judge considered the ALJ's consideration of a VA form from January of 2015, first explaining the contents of the form and explaining that although

Plaintiff was seen by Dr. Martin on January 28, 2015, the examination is blank, and "[t]here are no supporting contemporaneous treatment[ ] notes near in time before the January 2015 opinion upon which the opinion could be based." (ECF No. 23 at 10.) The Magistrate Judge then acknowledged the Commissioner's argument that the form is not an "opinion" in accordance with the applicable regulations, but the Magistrate Judge explained that, regardless of the form's classification, and despite the fact that the ALJ did not specifically refer to this document in his decision, the ALJ thoroughly discussed Dr. Martin's other exams, notes, and restrictions, which necessarily include the more limited substance set forth in the January 2015 VA form.

Plaintiff objects to this finding by the Magistrate Judge, asserting that it is "post hac rationale since the ALJ failed to evaluate this opinion." (ECF No. 25 at 2.) In addition, Plaintiff asserts that although the January 2015 VA form is consistent with Dr. Martin's other opinions, it also contains additional information, including, *inter alia*, the fact that Plaintiff slept excessively during the day; needed help preparing meals; needed to be reminded to bathe and change clothes; and had marginal hygiene habits. Plaintiff asserts: "These specific explanations could have made a difference to an impartial ALJ. To assume the ALJ would have summarily dismissed such opinions would equate to assuming that the ALJ would reject all of Dr. Martin's opinions no matter who well reasoned or supported." (*Id*. at 3.)

After review, the Court is not persuaded by Plaintiff's argument. Although Plaintiff is correct that the ALJ failed to specifically weigh the January 2015 VA form, the ALJ specifically referred to this portion of the record and clearly considered the exhibit containing this record. (*See* Tr. 516.) Moreover, this form is not a medical opinion and is

7

not supported by any contemporaneous treatment notes upon which Dr. Martin's findings could be based. Finally, to the extent the ALJ did err in failing to specifically refer to this form, the Court agrees with the Commissioner that any error would be harmless because the ALJ comprehensively analyzed and discussed Dr. Martin's other opinions, which the Court finds consistent with this VA form despite Plaintiff's arguments to the contrary.

In his Report, the Magistrate Judge next considered the ALJ's treatment of Dr. Martin's November 2017 statement. The Magistrate Judge quoted the 2017 statement in full and explained that the ALJ gave limited weight to the opinion of Dr. Martin as to Plaintiff's restricted social interactions and inability to go in public independently, finding it inconsistent with Dr. Martin's treatment notes that reference "interacts and participates"; inconsistent with claimant's testimony that he goes out to eat several times a month and met his previous roommate online; not supported by the longitudinal record, which shows that Plaintiff worked at the same job for sixteen years and left because he was laid off; and not supported by any evidence of worsening of Plaintiff's mental functioning. (ECF No. 23 at 13 (quoting Tr. 517).)

Next, the Magistrate Judge thoroughly reviewed the treatment records and evidence near in time to Dr. Martin's 2017 opinion to determine whether substantial evidence supports the weight the ALJ gave to Dr. Martin's 2017 opinion. The Magistrate Judge ultimately found that although the reason Plaintiff left his job in 2008 does not offer much to support the weight the ALJ gave to Dr. Martin's 2017 opinion, "this was not the only reason relied on by the ALJ for the weight given and such reliance on Plaintiff being laid off in 2008 was harmless error." (ECF No. 23 at 19.) The Magistrate Judge further explained:

8

> The ALJ noted inconsistency with treatment notes of "interacts and participates," and Plaintiff's testimony of going out to eat several times a month; the ALJ noted there was no evidence of worsening of mental functioning. As summarized above, the record supports this statement, including Dr. Jachna's notes, as well as the contemporaneous notes of Dr. Martin provide support for the ALJ's weight, as Plaintiff had mostly normal exams.

(ECF No. 23 at 19.)

Plaintiff objects to the Magistrate Judge's treatment of this issue, asserting that Plaintiff's treatment records show both positive and negative objective findings, and that there is no logical bridge from the treatment records to the ALJ's rejection of Dr. Martin's opinions. (ECF No. 25 at 3.) Plaintiff asserts that the ALJ's summary of the medical evidence (and the Magistrate Judge's summary, in turn) does not shed light on how the negatives outweighed the positives, leaving the Court to weigh the evidence in the first instance.

Respectfully, the Court disagrees with Plaintiff and finds that the ALJ's treatment of Dr. Martin's November 2017 statement is more than sufficient to permit meaningful judicial review. The ALJ specifically explained his valid reasons for giving the November 2017 statement limited weight, noting that the social limitations contained in the statement were not supported by Dr. Martin's treatment notes or Plaintiff's own testimony concerning his activities. Although Plaintiff points to contrary evidence that could support his claim, the Court cannot say that this conflicting evidence *compels* a conclusion different from that reached by the ALJ. Thus, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's findings, and the Court overrules Plaintiff's objections.

## **CONCLUSION**

Based on the foregoing, it is ordered that the Magistrate Judge's Report (ECF No.

23) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 25) are overruled; and the Commissioner's final decision denying benefits is affirmed.

    **IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
The Honorable Bruce Howe Hendricks  
United States District Judge

September 22, 2020  
Charleston, South Carolina

10